Colleen A. Snyder (SB No. 274064)
colleen@snydershaw.com
Daniel R. Shaw (SB No. 281387)
daniel@snydershaw.com
Snyder & Shaw LLP
3220 S. Higuera St. Suite 220
San Luis Obispo, CA 93401
Telephone: (805) 439-4646
Facsimile: (805) 301-8030

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.C.; by and through his guardian ad litem, MAGDALENA CAMACHO,<br><br>Plaintiff,<br><br>v.<br><br>LODI UNIFIED SCHOOL DISTRICT,<br><br>Defendant. | Case No.: Unassigned<br><br>**COMPLAINT FOR RELIEF UNDER:**<br><br>1) **Section 504 of the Rehabilitation Act of 1973**<br>2) **Title II of Americans with Disabilities Act**<br>3) **California Education Code § 220**<br><br>**JURY DEMAND** |

Plaintiff A.C., by and through his guardian ad litem, MAGDALENA CAMACHO, alleges as follows:

## JURISDICTION AND VENUE

1. This is a civil action over which this Court has original subject matter pursuant to 28 U.S.C. § 1331 as the actions arise under the following laws of the United States: Section 504 of the Rehabilitation Act of 1973 and Title II of the Americans with Disabilities Act.

2. Venue in this Court is proper under 20 U.S.C. 1391(b) because the LODI UNIFIED SCHOOL DISTRICT is located within this judicial district and a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

///

1

## PARTIES

3. Plaintiff A.C. is a fourteen-year-old student who resides with his mother and maternal grandparents in Stockton, California.

4. A.C. has been diagnosed with Autism and has related mental impairments that substantially limit many major life activities within the meaning of 34 C.F.R. section 104.3(j). A.C. is entitled to be free from discrimination based on his disability.

5. MAGDALENA CAMACHO is A.C.'s maternal grandmother and proposed Guardian ad Litem. A.C.'s mother has designated Ms. Camacho to represent A.C.'s educational interests. At all times relevant herein MAGDALENA CAMACHO, was, and continues to be, a resident of Stockton, California.

6. Defendant LODI UNIFIED SCHOOL DISTRICT ("the District") is a public entity duly incorporated and operating under California law as a school district.

7. The District is a public entity and recipient of federal financial assistance making it subject to the requirements of Title II of the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act of 1973 ("Section 504").

8. In enacting Title II of the ADA, Congress validly abrogated state sovereign immunity, and thus, the District may be sued pursuant to Title II. *Hanson v. Med. Bd. Of California*, 279 F.3d 1167, 1170 (9th Cir. 2002). By accepting federal funds, the District waived its sovereign immunity under the Eleventh Amendment to claims brought pursuant to Section 504 of the Rehabilitation Act of 1973. *Pugliese v. Dillenberg*, 246 F.3d 937 (9th Cir. 2002).

## PROCEDURAL BACKGROUND

9. On October 25, 2024, Ms. Camacho filed a due process complaint under the Individuals with Disabilities in Education Act ("IDEA") alleging that the District had denied A.C. a free appropriate public education during the 2022-2023, 2023-2024, and 2024-2025 school years.

10. On November 15, 2024, Ms. Camacho filed a Uniform Compliance Complaint with the District alleging the it had discriminated against A.C. in its educational program, in violation of California Education Code section 220.

11. On December 23, 2024, Ms. Camacho served a Claim for Damages on the District pursuant to California Government Code section 910.

12. In February 2025, Ms. Camacho and A.C.'s mother entered into a settlement agreement with the District on A.C.'s behalf, resolving special education claims under the IDEA, and related portions of the California Education Code, only.

13. The District failed to either grant or reject Ms. Camacho's Government Claim.

14. On February 14, 2024, the District issued an Investigation Report in response to the November 15, 2024 Uniform Compliance Complaint.

15. The District found no discrimination in its Investigation Report.

16. On March 14, 2025, Ms. Camacho filed an appeal of the District's Uniform Compliance Complaint Investigation with the California Department of Education ("CDE"), pursuant to California Education Code section 220.

17. On May 13, 2025, the CDE denied the UCP appeal.

18. A.C. has waited sixty days to file his civil action pursuant to California Education Code section 262.3(d).

## FACTUAL ALLEGATIONS

19. A.C. is a fourteen-year-old young man who is eligible for special education due to Autism.

20. A.C. has deficits in all areas of functioning, including most significantly, communication and behavior. He requires assistance with all activities of daily living.

21. A.C. is highly sensitive to sensory stimuli in the environment, including noise and touch.

22. Due to his sensory challenges, A.C. prefers to be unclothed.

23. During the Covid-19 pandemic, A.C. became agoraphobic and was unable to leave his home without significant distress.

24. As a result, A.C. was unable to return to school in-person with his peers after Covid restrictions eased.
25. On September 13, 2022, the District offered A.C. an individualized educational program with home hospital instruction for "up to 1 hour per day, up to five days per week." This service would be provided virtually to A.C. because he was not fully clothed in his home.
26. Ms. Camacho and A.C.'s mother advocated for the District to provide services to A.C. in person, including behavior services and occupational therapy to address his ability to tolerate clothing.
27. However, the District refused to provide in-person services.
28. A.C. was not able to meaningfully access virtual instruction. He could not sit and attend to the teacher online.
29. A.C. went without an educational program throughout the 2022-2023 and 2023-2024 school years.
30. On January 19, 2024, the District convened an IEP meeting at Ms. Camacho's request.
31. Ms. Camacho again asked that the District provide educational services in-person in the family home, to support A.C.'s eventual return to school.
32. The District special education coordinator stated that staff could not be sent into the home until A.C.'s "clothing behavior is under control."
33. The District refused to offer in-person services to A.C.
34. The District noted that A.C.'s behavior impeded his learning; however, no behavior services were offered.
35. Instead, the only service offered was specialized academic instruction for 54 minutes, five days per week, to be provided virtually.
36. A.C. was unable to meaningfully access the public educational program without in-person services.
37. At all times relevant herein, A.C. has required behavior services based on the principles of Applied Behavior Analysis ("ABA") in order to address his inability to leave the house

and attend school.

38. He required occupational therapy services to learn to tolerate clothing again, and speech and language therapy in order to communicate effectively.

39. A.C. was unable to learn from virtual academic instruction, and required a teacher and therapists to work with him in-person in order to receive any meaningful educational benefit.

40. Ms. Camacho is informed and believes the District reported attendance and collected government funds for A.C. despite not providing him with an educational program.

41. On September 27, 2024, A.C. was hospitalized with severe stomach pain.

42. Due to the severity of his behaviors and agoraphobia, he had to be sedated and transported by ambulance to the hospital.

43. In order to receive treatment, A.C. remained sedated on a ventilator for months.

44. This caused additional medical issues and complications.

45. The District's failure to provide special education services and supports to A.C. was a contributing factor in his inability to tolerate medical treatment.

46. He has remains hospitalized in intensive care at UC San Francisco.

## FIRST CLAIM FOR RELIEF

*Violation of Section 504 of the Rehabilitation Act of 1973*

47. Plaintiff refers to, and incorporates herein by reference, all of the preceding paragraphs as though fully set forth herein.

48. A.C. is a qualified individual with a disability. Specifically, A.C. has autism which substantially limits his major life activities, of communication, school performance, behavior, and social and emotional functioning.

49. Plaintiff is informed and believes, and on that basis alleges, that the District is, and at all times relevant herein was, a recipient of federal funds, and that part of those funds were used in the operations, construction, and maintenance of the specific public facilities and programs described herein.

50. By its actions or inactions in denying meaningful and equal access to educational services, the District discriminated against A.C. by failing to provide an appropriate education (including supports, services, and placement) pursuant to 34 C.F.R. § 104.33.

51. As a result, the District violated A.C.'s rights under Section 504.

52. By its actions or inactions, the District violated Section 504 by failing to afford him an equal opportunity to participate in or benefit from the aid, benefit, and services provided by a public education in violation of 34 C.F.R. § 104.4. As a result, the District violated A.C.'s rights under Section 504.

53. By its actions or inactions, the District violated Section 504 denying A.C. the reasonable accommodations necessary to achieve meaningful access to his education. A.C. required in-person instruction and services, including but not limited to, academic instruction, behavior services, a functional behavior assessment, a behavior support plan, speech and language therapy, and occupational therapy. The failure to provide these accommodations and services violated A.C.'s rights under Section 504.

54. The District was aware that A.C. required these supports and services in-person in order to benefit from its educational program. However, the District refused to provide the services itself and refused to even investigate whether an outside provider could provide the services.

55. The discrimination described herein constitutes a violation of section 504 (29 U.S.C. § 749, et seq.), which provides that "no otherwise qualified individual with a disability shall, solely be the reason of his disability, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving federal financial assistance."

56. The District acted with deliberate indifference to A.C.'s rights under Section 504, by knowingly failing to provide the supports and services he required to benefit from his education.

57. The District also failed to investigate the possibility of contracting with an outside private

1 provider for such in-person services.

2 58. A.C.'s need for in-person supports and services was expressed multiple times by Ms. Camacho and was clearly obvious to the casual observer.

4 59. As a direct and proximate result of the District's discrimination, A.C. suffered damages in an amount to be proven at trial.

## SECOND CLAIM FOR RELIEF

*Violation of Title II of the Americans with Disabilities Act*

60. Plaintiff refers to, and incorporates herein by reference, all of the preceding paragraphs as though fully set forth herein.

61. At all relevant times, A.C. was entitled to the protections of the "Public Services" provision of Title II of the Americans with Disabilities Act of 1990 ("Title II").

62. Title II, Subpart A, prohibits discrimination by any "public entity," including any state or local government, as defined by 42 U.S.C. § 12131, section 201 of the ADA.

63. The District is a "public entity" and subject to Title II.

64. Pursuant to 42 U.S.C. § 12132, section 202, of Title II, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs or activities of a public entity, or be subjected to discrimination by any such entity.

65. As described above, in order to meaningfully access an educational program, A.C. required in-person instruction and services, including but not limited to, academic instruction, behavior services, a functional behavior assessment, a behavior support plan, speech and language therapy, and occupational therapy.

66. The District was aware that A.C. required these supports and services in-person in order to benefit from its educational program. However, the District refused to provide the services itself and refused to even investigate whether an outside provider could provide the services.

67. By its actions or inactions in denying equal access to educational services, the District

1  discriminated against A.C. by failing to provide him with a meaningful educational
2  program.
3  68. The District acted with deliberate indifference to A.C.'s rights under Title II, as descried
4  herein, by knowingly failing to provide A.C. the supports and services he required to
5  benefit from his education.
6  69. The District also failed to investigate the possibility of contracting with an outside private
7  provider for such in-person services.
8  70. A.C.'s need for in-person supports and services was expressed multiple times by Ms.
9  Camacho and was clearly obvious to the casual observer.
10 71. As a result of the District's failure to comply with its duty under Title II, A.C. has suffered
11 damages including special and general damages according to proof.

## THIRD CLAIM FOR RELIEF

*Violation of California Education Code Section 220*

14 72. Plaintiff refers to, and incorporates herein by reference, all of the preceding paragraphs as
15 though fully set forth herein.
16 73. California Education Code section 220 provides: "No person shall be subjected to
17 discrimination or harassment on the basis of . . . disability . . . in any program or activity
18 conducted by an educational institution that receives, or benefits from, state financial
19 assistance . . ."
20 74. The District was and continues to be the recipient of state funding for the purpose of
21 Section 220.
22 75. A.C. is a qualified student with a disability as set forth in California Government Code
23 section 12926(j).
24 76. A.C. qualified for special education under the category of Autism.
25 77. As a result of his disability, A.C. has substantial impairments in major life activities,
26 including: communication, academics, adaptive skills, social skills, motor skills, sensory
27 processing, and behavior.
28

78. By its actions or inactions, the District discriminated against A.C. during the 2022-2023, 2023-2024, and 2024-2025 school years, by failing to afford him an equal opportunity to participate in or benefit from the aid, benefit, and services provided in the public education system.
79. As a result, the District violated A.C.'s rights under Section 220.
80. The District acted with deliberate indifference to A.C.'s rights under Section 220, as described herein.
81. Although the District was on notice that A.C. required special education services and supports in-person in order to receive educational benefit, the District refused to provide such services.
82. The District also failed to investigate the possibility of contracting with an outside private provider for such in-person services.
83. As a direct and proximate result of the District's discrimination, A.C. suffered damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

Plaintiff respectfully requests the following relief:

84. Compensatory damages for A.C.'s injuries, educational loss, psychological and emotional distress, and for any other damages as alleged herein in a sum according to proof.
85. Special damages in a sum according to proof against Defendant.
86. General damages in a sum according to proof against Defendant.
87. Injunctive relief in accordance with proof.
88. Attorneys' fees and costs of suit incurred herein.
89. For such other relief as this Court may deem just and proper.

Respectfully submitted,

Dated: May 14, 2025

/S/ COLLEEN A. SNYDER
Colleen A. Snyder
Attorney for Plaintiff

9