Colleen A. Snyder (SB No. 274064)
colleen@snydershaw.com
Snyder & Shaw LLP
3220 S. Higuera Street, Suite E
San Luis Obispo, CA 93401
Telephone: (805) 439-4646
Facsimile: (805) 301-8030

# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.C.; by and through his guardian ad litem, MAGDALENA CAMACHO, | Case No.:   2:25-cv-01379-DJC-SCR |
| Plaintiff, | |
| v. | **ORDER APPOINTING GUARDIAN AD LITEM** |
| LODI UNIFIED SCHOOL DISTRICT, | |
| Defendant. | |

On May 14, 2025, Magdalena Camacho, as proposed guardian ad litem of A.C., a minor child, filed a Federal Complaint for alleged violations of Section 504 of the Rehabilitation Act of 1973, Title II of Americans with Disabilities Act, and California Education Code section 220. The same day, Plaintiff A.C. filed a motion to appoint his grandmother, Magdalena Camacho, as guardian ad litem.

"To maintain a suit in a federal court, a child or mental incompetent must be represented by a competent adult." *Doe ex rel. Sisco v. Weed Union Elementary School Dist.*, 2:13-cv-01145, 2013 WL 2666024 at *1 (E.D. Cal. June 12, 2013) (citation omitted). Rule 17(c) governs the appearance of minors and incompetent person in federal court. Rule 17(c)(1) prescribes: "The following representative may sue or defend of behalf of a minor or incompetent person: (A) a general guardian; (B) a committee; (C) a conservator; or (D) a like fiduciary." Rule 17(c)(2) states that, "[a] minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a

1

guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action."

A court has broad discretion in ruling on a *guardian ad litem* application. *Basque v. Cty. of Placer*, 2017 U.S. Dist. LEXIS 117290 at *2 (E.D. Cal. July 26, 2017). In general, a parent is presumed to act in his or her child's best interest. *See Parham v. J.R.*, 442 U.S. 584, 604 (U.S. 1979) (noting general presumption that parents are presumed to act in the child's best interest). Upon review, the Court finds Plaintiff A.C.'s motion to appoint Magdalena Camacho as his *guardian ad litem* should be granted. Ms. Camacho, as Plaintiff A.C.'s grandmother and caregiver, is presumed to act in his best interests, and there is nothing before the Court to undermine that presumption here.

Accordingly, **IT IS ORDERED** that:

1. Plaintiff A.C.'s "Petition for Guardian ad Litem" is GRANTED, nunc pro tunc to April 28, 2026; and

2. Magdalena Camacho is hereby appointed as Plaintiff A.C.'s guardian ad litem.

Dated:  April 29, 2026                    /s/ Daniel J. Calabretta

THE HONORABLE DANIEL J. CALABRETTA
UNITED STATES DISTRICT JUDGE